The first argued case this morning is No. 127060, Bechtel v. Department of Veterans Affairs, Mr. Carpenter. May it please the court, Kenneth Carpenter appearing on behalf of Mr. Paul Bechtel. In this case, the court below held that the September 2003 VA medical opinion, which stated that Mr. Bechtel's then current gas score of 40, and that during the previous year it was 40. That report does not, however, in the view of the court below, state that Mr. Bechtel's score was lower than 40 at any time in the previous year. Mr. Carpenter, from the context of what the court said, it appears to me to be obvious that it's a typo. Do you want us to remand simply to correct the typographical error? I'm sorry, Your Honor, a typo? I think the court misspoke. They misspoke. It should be corrected, but you're not here to ask us to correct the record. You're here to ask us to actually provide the retroactivity. I'm not sure, Your Honor, that if there was a typographical error, and I'm sorry I did not read this as being a typographical error, that the court It looks to me like the court simply misstated higher versus lower on those scores. And I think the government agreed with that. Well, Your Honor, in our briefing below, we specifically asserted that the presence in that report of evidence that the same GAAP score, which justified the higher rating of 100 percent from the previous rating I'm talking about the numbers for it, was the highest of 40. But a veteran's court said, the September 2003 VA medical opinion states that Mr. Bechtel's then current GAAP score was 40, and that during the previous year it was the highest of 40. But, Your Honor, that's what the report said. The report said that in the preceding year, the highest score in the opinion of the examiner, which Mr. Bechtel's symptoms demonstrated, was that of 40. Meaning that it was the identical score in the preceding year as it was at the time in which the examination was performed. The question before this court in this case is how such evidence applies to the correct legal standard for the VA's regulation. The VA's regulation merely requires that it's factually ascertainable. In this case, the exact same evidence, which supported the grant for 100 percent, supported the grant for the effective date in the one year previous. The VA's regulation, following the mandate of the statute, provides for the opportunity for a one-year look back to determine whether or not it was factually ascertainable that the increase, which is being awarded on the basis of the claim, was factually demonstrable during the preceding year. Our Gaston case defined how the regulation works, correct? Yes. And the Veterans Court described the law from Gaston correctly, did it not? Yes. All right. And what about the facts here would put you outside of the restrictions in Gaston? Because the evidence that was filed at the time of this claim, that is the September 2003 VA examination, simultaneously demonstrated that the evidence justified both an increase going forward and an increase in the one year prior. In Gaston, the facts were that there was evidence which preceded the one year look back window that he had been unemployable. There is, in fact, that same evidence here in that examination that indicates that he hadn't worked since 1982. But the critical difference in this case is that the same evidence that was simultaneously relied upon by the VA to grant the increase from 30% to 100% was evidence that demonstrated that it was factually ascertainable in the one year before. I'm sorry, my clock's not working. I just realized I looked it down to make sure where I was. But the problem is that you keep calling it this one year look back and implying that it's automatic as long as you're worse during that one year period. But that's not what Gaston says. What Gaston says is that it's essentially like a statute of limitations that if, in fact, you can show that you filed within a year of when it first became ascertainable that it was worse. That's correct, Your Honor. And in this case, the evidence which justified the filing was this VA examination. That was the effective date that was relied upon by the VA to assign this increase. Therefore, that's the date of the claim, and the very same evidence establishes that it was factually ascertainable in the one year prior. But under that theory, any time there was an increase justified, then this whole one year statute of limitations would disappear, would it not? Absolutely not, Your Honor. You have to have evidence, as exists in this case, in the exact same evidentiary record that demonstrates the factually ascertainable. What Gaston said was is that you had to have evidence that was created in that one year look-back window. And the evidence was the VA examining doctor's retrospective opinion that such evidence existed to justify a rating or assignment of a GAF score of 40 as the highest that could have possibly existed in that one year period. So is it your position that what you're saying is that whenever it happens to be first factually ascertained, that is the point in time that we look to for purposes of the statute of limitations, and it doesn't matter that there's a three or four year window in between in which perhaps it could have been ascertained? I'm not sure what you mean by a three or four year window in which it could have been ascertained. Well, there's clearly a differential between, I mean, it's unclear when you think this should go back to, because you asked for all different things. Before the lower court, you asked for 2000, but said you'd be happier if it went even farther back. And in our briefs, you seem to say 2002. It's unclear where you think the time frame is. Under this regulation, it's just a one year time frame. We argued before the lower court that there was evidence that supported it going back further. This case is limited to the question of how 3.40002 operates and what the legal standard is in that regulation. And that regulation only describes a one year look back window. And the question is, is whether or not the same evidence, which was relied upon by the VA to justify an increase from 30% to 100%, can be relied upon by the veteran under the legal standard afforded under 3.40002. And that is simply from September 2002 to September 2003, because the evidence indicated that the highest gas score in that previous one year prior to September 2003, which would have been then September 2002, was the same gas score that justified the increase to 100%. And what we're suggesting is that there cannot be any differentiation between the favorable evidence that supports the grant for increase and the same favorable evidence that supports the one year factually ascertainable. Going back to my other question, that essentially wipes out the one year statute of limitations. You're just saying whenever you've got an indication that you're entitled to a greater increase, that you automatically go back a year. The point is you had to have come to make the request within a year of when it first got worked. And by law, Your Honor, this examination constitutes a claim for increase. It is a VA medical record that justifies an increase. Okay. And how do you make this argument under Gaston? I mean, Gaston explains the law very clearly. Well, Your Honor, it seems to me that this is entirely consistent with Gaston. What Gaston said was that you couldn't use evidence that existed prior to that one year period. What was relied upon in the facts in Gaston was a social security determination that preceded it by several years, I think it was six or seven years or maybe longer, that said that the veteran could not work. And Mr. Gaston relied in that case upon that clear evidence that he couldn't work to demonstrate that he couldn't work in the one year look back window. What the court said in Gaston was no, the evidence has to pertain with specificity to that one year look back period. Otherwise, Your Honor, there's no way in which this regulation can operate to the benefit of a veteran. The veteran can't know that his condition is going to increase in the one year before or that there's evidence. He has to rely upon the evidence that exists. The evidence that existed was the September 2003 VA examination. In that September 2003 VA examination, it gave the factual basis for applying the legal standard under the regulation. Okay, we will save your enlarged rebuttal time, Mr. Carpenter. Thank you very much. Mr. Goodman. Good morning, Your Honor. I stand to speak to the court. The problem with Mr. Bechtel's claim is it's not even clear to me now when he's saying his disability actually got worse. As Gaston clearly laid out, he needs to show that he got worse during that year. He's looking at a report, a VA report. But how can that work? How can the veteran know that as of this day, I am going to get worse over the future year? You don't really know that you've gotten worse until the time has passed. Of course, Your Honor. That's the exact reason for the year. If somebody gets worse, and the idea behind the regulation is you go treat it. You go to the doctor because you're getting worse, and you have a year from then to file your claim, and you'll still get the effective date from when you actually got worse. You're not expected to go and file your claim as soon as you get worse. You're supposed to treat your disability. The regulation works as a look back to see if during the year preceding the filing of the claim, he actually got worse. Gaston makes clear that that has to show some kind of increase in disability. The exam here says his GAF score is 40 and higher than 40. That suggests consistency. It doesn't suggest anywhere that there was a change in his GAF score, that he actually got worse. That's the only piece of evidence he's relying on. He's saying that that statement alone said that he got worse during the year, but there's nothing about that statement that indicates he's getting worse. What is the philosophy, the policy here? It's that the veteran can, when it's established that the increased rating, that there has been an entitlement, the disability or whatever, has existed for a longer period to put some kind of definition on that time, but it's done retrospectively. The principle, the policy is to say, yes, you are entitled to a look back. We're just going to put some restrictions on it so it's not open-ended and unprovable. Yes, Your Honor. It's a year, and Congress established that it's only a year to do a look back. If, for example, Mr. Bechtel got worse and then waited two years to file his claim, he wouldn't be entitled to that earlier rating for the whole two years, and that's because Congress set it at a one-year limit. But he wouldn't be entitled for one year either, according to this theory. That's correct, Your Honor, because it's not factually ascertainable he got worse during that year. If Mr. Bechtel got worse and then stayed worse for a long period of time, let's say ten years, and at the end of that ten years he filed the claim, he wouldn't get a year back because it's not factually ascertainable that he actually got worse during that one year if he was bad the entire time. But that doesn't seem to accord with the policy, the philosophy, which was to provide a year, anyway, of recovery. It's to provide a year, Your Honor, for the veteran to file a claim. So when a veteran gets worse, he has a year from that date to file the claim and still get the effective date as of the time he actually got worse. That's the intent behind the regulation. So how should this work, then? What should this veteran have done? The veteran should have gone to the doctor and treated his disability when his disability got worse, and then he has a year. Sometime in that year... But there wasn't any change, was there? There was no change. I mean, that whole point of the language that lower versus higher is simply unfaithful. It is, and I forget which one of your honors pointed that out. Even if it had said higher here, Mr. Bechtel would be making the same argument, because even though that would be more accurate from the veteran, and the veterans would have done that, it wouldn't change Mr. Bechtel's argument. Mr. Bechtel's argument... Or it was 40. It was 40 all along, and 40 all along isn't a change. He has to show some change, and he showed no worsening of his disability during that year. That's fundamentally all that's going on here. And for all we know, he could have been 40 from 2004. Yes, Your Honor. In fact, in 2001, when he was given a 30% rating, his GAF score was 42. So we're not talking about a huge change in the GAF score. It was the other indicia of disability that the regional office said was enough to get him a 100% rating here, when the regional office went back and found Q in an earlier decision. So it wasn't just this change in GAF score. Mr. Bechtel's just relying on a flat GAF score for this entire time period, and saying that's enough to show that I was disabled the entire time period. There's no question he was disabled the entire time period, but he needs to show some worsening. But on that theory, then, we have to accept that when they finally decided that he was 100% disabled, that that was an error, they said it was an error, and that he had been entitled throughout this period to the 100%. From the time he filed the claim, Your Honor. Well, of course, that's why we're here. Yes, Your Honor. So from the time he filed the claim, he was entitled to 100%. But when they agreed that they had made an error in the rating... Yes. I mean, this is really the question, isn't it? How does the look-back accommodate the admitted error of the VA? The error, Your Honor, was later. The decision in 2004, the regional office decided... The error was later. That's why the look-back is involved. I'm sorry, I'm just speaking, Your Honor. But the entitlement now, we have the VA agreeing, was present. It had just been misapplied. The entire parliament, Your Honor, was present as of August 15, 2003, when he filed his claim. After that, the regional office looked and looked at the very evidence that's at issue here, and the regional office said, we think this is enough evidence that now he's disabled to 100%. And so we're striking our earlier decision of March 2004, and this is in November 2004, the regional office said, we decided he is entitled to 100% rating as of now, and he gets the date back to the filing of his claim. So that error is completely corrected. As of now, he's fully disabled. Now, to get earlier than that... But they also agreed that he had exactly the same condition when they had the incorrect rating. Yes, he had the same condition, but that was, again, that was all after the filing of his claim. So after the filing of his claim, for that whole period, the VA agrees he had 100% rating after the filing of his claim. The question is before the filing of his claim, and there's nothing in the record to indicate that he got worse during that one-year period before the filing of his claim. That's the problem. Isn't the point of the regulation to prompt veterans to act quickly if they want to seek an increase? I would only go forward quickly, Your Honor. The point of the regulation... Well, within a year. The general rule is you only get the date of filing of your claim, and that's generally applicable. VA has decided and Congress has decided that we're going to relax that and allow a one-year grace period to file the claim so that a veteran can treat his disability. So it is a one-year period. Congress could have said, whenever you file your claim, we look back to when it was actually ascertainable that you got worse and that's the date you get. Congress didn't choose to do that. They said we only look back a year. You have to have gotten worse within that year, and yet the idea behind limiting it is, as Your Honor suggests, that there is some impetus on the veteran to go ahead and file that claim and not just wait forever. If the veteran's getting worse, file that claim. You have a year to do that, but you don't have forever. Here, there's just nothing in the record, as the Veterans Court understood. There's nothing in the record to indicate that he got worse during the year prior to filing his claim, and that's what Gaston clearly requires. He had already gotten worse, but all that he wants is the compensation for the year that the regulation permits. He may have already gotten worse before that, Your Honor. That would be outside of Gaston. What we know is that we now have the 100% rating, and we have the VA saying we made a mistake. You've had this condition, and we made a mistake. We didn't give you the 100% before. We'll give it to you now. Your Honor, there's no... Because they're saying that he didn't worsen. If we have to accept that he didn't worsen in that period, then he was entitled a year sooner. Your Honor, we know he was entitled to a 30% rating in April 2001, and we know that he was entitled to a 100% rating in August 2003. And we know that his condition didn't change in that period. His condition did change in that period, Your Honor. Were you told that he had to establish that it had changed? We don't know when he got worse, between April 2001 and August 2003. We know that after August 2003, he was entitled to 100%. Before April 2001, he was entitled to 30%. We don't know when he got worse, and he has to show that he got worse during this one-year period. But that's not a one-year period, unfortunately. So we can't know that he got worse in that period. And that's the problem. There's no evidence between those two dates to suggest that he got worse during... And he didn't attempt to offer evidence with respect to when it actually happened. No, Your Honor. Again, I think I started this discussion with we don't know even today when he's saying he actually got worse. He needs to get worse during that year. That's what Gaston says, and that's all the VA was requiring here. It's all the VA has to comply with that statute that he has to show evidence during that year, and he hasn't showed anything to suggest he got worse during that year. The Court has no further questions. We respectfully request that the Court confirm this. Okay. Thank you, Mr. Goodman. Thank you, Your Honor. Mr. Carpenter. Judge O'Malley, to address your question, I believe that Mr. Bechtel did have evidence. He didn't present it. The evidence of the VA examination presented it. In August of 2003, he said his condition had increased. His condition was then examined by the VA in an examination, and it produced evidence that said two things. One, his rating, his GAF score was 40, which the VA found justified. Not a 30% rating, but a 100% rating. The same examination said that in the preceding year, his GAF score was 40. That was an increase in his disability. It was not necessarily a worsening as the veteran perceived it. It was medical evidence that said that his condition had increased. How do we know the increase didn't occur in January of 2002, for instance? Or March or May? Because the evidence from the VA examination is limited to the one year prior to the examination. That's the time period. It's the one year. It's the time period for the one year in regards to what, Your Honor? That's the time frame in regards to the regulation. Yeah, but that's the time period you're looking at to see if he worsened. And he stayed consistent during that period. But, Your Honor, you're comparing it to the wrong thing. You're doing, frankly, what the lower court did. You're comparing it to the increase that was awarded, not what his condition was before he asked for it. He has a global assessment of function. At a date, it is 4-0. That's correct. At a date a year later, it's still 4-0. That's correct. And, therefore, at the date before September of 2002, it had increased in severity over what it had been rated by the VA prior to September of 2002. But it's not a question of what the rating was. It's a question of what the global assessment of functioning was. But the global assessment of functioning, Your Honor, was the basis for the VA's determination that his rating was entitled to be increased from 30% to 100%. If that 40 was the evidentiary basis to increase from 30% to 100%, then it must be, under the correct legal standard under 3.4002, the evidentiary basis that makes it factually ascertainable that it had worsened in the rating of 30% which he had had prior to his claim for increase in August of 2003. So, if the VA went back and looked at it and said, gee, it's a gap score of 40, it only entitles him to a 30% disability, then you'd say he hadn't worsened. You're simply basing it on the conclusion of what percentage it was worth. Isn't that correct? Absolutely, Your Honor, because that's what the effective date is that we are addressing here. It is the effective date of the award of increased compensation. The VA increased his compensation from the date of his claim. Within one year of the date of his claim, in September of 2003, evidence was developed by the VA that said that it was factually ascertainable that the same level of increase had taken place in the preceding year. Therefore, he meets the legal standard under the regulation. To interpret this regulation otherwise precludes the veteran from ever being able to establish this benefit that was afforded by Congress and is afforded by this regulation. How else can you make it factually ascertainable if you have to compare it to the increase that was eventually awarded? You must compare it to the level of disability that the VA had assigned prior to the claim for increase. Exactly. I mean, that is the comparison, the old level of disability and the new level of disability. But that increase has to occur within one year of making a claim. And it did, Your Honor. The VA evidence... But it's your burden. It's the veteran's burden to establish that he filed his claim within one year of the increase, correct? Yes. All right. So if the Veterans Court concludes that there was no change during that one-year period, why isn't that the end of the inquiry? Because that's not the way in which the regulation operates. The way in which the regulation operates and the legal standard imposed is whether or not it was factually ascertainable. He files in August of 2003. In September of 2003, a VA examination makes it factually ascertainable that within the one year prior to his filing, his condition had increased to the same level of disability that justified a 100% rating. And if it justified a 100% rating going forward, it should then justify the same 100% rating in the period in the one-year look-back window. Okay. Okay. Any more questions? Thank you, Mr. Carpenter, and thank you, Mr. Gooden. The case is taken under submission.